

FILED
MAY 30 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| JACOB SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS WILSON, BALTISAR, SEGOVIA, DOE #1, DOE #2, DOE #3, MICHELLE STEYH DIRECTOR OF THE MONTANA DEPARTMENT OF CORRECTIONS, LEROY KIRKEGARD, TOM WOOD, PAUL REESE, AMBER EDWARDS, CAPTAIN JASON GRIMMIS, and HELENA PROBATION AND PAROLE OFFICERS MICHELLE JENICEK, DEANNE LOUNGEE, AND CHRISTEN THENNIS,<br><br>        Defendants. | CV 17–119–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendations in this case on April 3, 2019, recommending that several of Plaintiff Jacob Smith's claims be dismissed for failure to state a claim. (Doc. 33 at 33–34.) Smith timely filed an objection and is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings

and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Smith objects to one aspect of Judge Johnston's Findings and Recommendations, the recommended dismissal of his retaliation claim against Defendant Michelle Jenicek. (Doc 37 at 1–4.) Jenicek is a state probation officer who filed a request to have Smith transferred from temporary placement in the Lewis & Clark Detention Center to placement in the Montana State Prison. Jenicek filed the request in September 2016. On October 26, 2016, the Jefferson County District Court revoked Smith's sentence in that court and imposed an additional term of incarceration. Nine days later, on November 4, 2016, Smith was transferred to Montana State Prison. Smith claims that Jenicek sought his transfer

from the Lewis & Clark Detention Center to Montana State Prison in retaliation for his continued litigation activity.

Judge Johnston recommended dismissing Smith's claim against Jenicek because Smith had done no more than provide a "formulaic recitation of the elements" which failed to show that his litigation activity was "the substantial or motivating factor behind his transfer to prison." (Doc. 33 at 16.) Although facially plausible, Judge Johnston noted that it is "equally if not more plausible" that Smith was transferred because his Jefferson County sentence had just been revoked. (*Id.* at 17.) As determined by Judge Johnston,

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.

(*Id.* (quoting *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014)).) In Smith's case, he had failed to provide any facts tending to exclude the equally likely possibility that he was transferred because his sentence had been revoked.

Smith's objection contains a list of his litigation activities that he asserts supports his claim that he was transferred in retaliation. (Doc. 37 at 1–4.) Smith

then concludes by saying that he "establishes that he was not transferred to MSP due to his revocation in Jefferson County since the 'special override' occurred in September and the Jefferson sentencing occurred in October." (*Id.* at 4.) The Court does not find that Smith has established anything. Judge Johnston considered the fact that Smith had continuous litigation activities when stating that it was plausible that Jenicek requested Smith's transfer in retaliation for those activities. Nonetheless, Judge Johnston recommended dismissal because Smith had failed to contend with the more likely possibility that Smith was transferred because of his revocation. Smith's additional documentation of his litigation does not address this problem. Further, despite Smith's unsupported contention to the contrary, his documentation does not provide any basis for determining that his revocation had nothing to do with his transfer. Both Jenicek's request and the Jefferson County revocation occurred prior to his revocation. The fact that Jenicek's request occurred first does not establish that the Jefferson County revocation was not the reason for his transfer, especially when the Jefferson County revocation occurred a mere nine days prior to his transfer and Jenicek's request had been filed approximately six weeks prior. The alternative explanation remains more likely and Smith's objection is overruled. Accordingly,

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 33) are ADOPTED IN FULL and the following are DISMISSED:

1. Smith's claim that the DOC Director, Probation Officers Jenicek, Loungee, and Thennis, and Jason Grimmis took adverse action against him by overriding him from LCDC to MSP during the critical stages of his legal proceedings as alleged in Paragraph 39 of the Amended Complaint;

2. Smith's claim that the DOC Director and Probation Officers Jenicek, Loungee, and Thennis conspired with Defendant Steyh as alleged in Paragraph 40 of the Amended Complaint;

3. Smith's claim that Probation Officers Jenicek, Loungee, and Thennis threatened and punished his family, friends, and witnesses in retaliation for his litigation activities as alleged in Paragraph 41 of the Amended Complaint;

4. All claims against Defendants DOC Director, Montana State Prison Administrators, Thomas Wilson, Tom Wood, Daniel Segovia, and Leroy Kirkegard named in their official capacities.

5. Smith's procedural due process claim regarding his placement in maximum custody and/or solitary confinement as alleged in Paragraphs 57–63 of the Amended Complaint;

6. Smith's procedural due process claim regarding loss of property as alleged in Paragraphs 57–63 of the Amended Complaint; and

7. Smith's denial of access to the courts claim as alleged in Paragraphs 57–63 of the Amended Complaint.

DATED this 30th day of May, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court