IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
NOV 0 1 2019
Clerk, U.S. District Court
District Of Montana
Missoula

JACOB SMITH,

    Plaintiff,

vs.

THOMAS WILSON, LEROY KIRKEGARD, BEAU BALTEZAR, DANEL SEGOVIA, MIKE BATISTA, TOM WOOD, MICHELE STEYH, PAUL REES, and AMBER EDWARDS,

    Defendant.

CV 17–119–H–DLC–JTJ

ORDER

On October 8, 2019 United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendations. (Doc. 106.) Pertinent to the Court's analysis, Judge Johnston screened Montana State prisoner Jacob Smith's Second Amended Complaint and determined that the bulk of his claims should advance, but recommended the Court dismiss Defendant Steyh because Smith had not demonstrated a plausible claim that Stehy deprived him of his constitutional right to due process by failing to provide him a hearing prior to placing him in solitary confinement for one week. (*Id.* at 9–11.) For this reason, Judge Johnstone recommended denying Steyh's motion for summary judgment as moot. (*Id.* at 16.) Additionally, Judge Johnston recommended dismissal of the

1

unnamed John Doe Defendants. (*Id.*) Smith did not object, and therefore the Court will review for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Turning to Judge Johnston's first recommendation, the Court agrees that Smith's Second Amended Complaint (Doc. 72-2) adequately states claims a claim against Defedants Grimmis, Baltezar, Wilson, Kirkegard, Wood, Segovia, Batista, Rees, and Edwards. Smith alleges that when he arrived at the Montana State Prison Defendant Baltezar assaulted and threatened him to prevent him from filing grievances. Smith claims that the remaining above-named Defendants were aware of this and other assaults, participated to varying degrees, and/or allowed these assaults to continue. These claims will advance and Defendants must respond to the Second Amended Complaint. Additionally, the Court finds no clear error in Judge Johnston's finding that Smith has stated a claim against Defendant Cales as well.

Finally, the Court agrees with the recommendation to dismiss Defendant Steyh and the unnamed Defendants. Judge Johnston determined that Smith's Second Amended Complaint failed to allege a deprivation of his procedural due

process rights because Smith did not show that spending a week in solitary confinement was a significant and atypical hardship that would entitle him to some sort of hearing. (Doc. 106 at 9 (citing *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).) The Court agrees with this analysis. Additionally, the unnamed Defendants shall be dismissed because Smith has had ample opportunity to name all defendants with specificity.

IT IS ORDERED that the Order and Findings and Recommendations is ADOPTED (Doc. 106) in full.

1. The Three Unknown IPS Officers (John Does #1–3) are DISMISSED.

2. Smith's procedural due process and negligence claims against Defendant Steyh are Dismissed.

3. Defendant Steyh's Motion for Summary Judgment (Doc. 88) is DENIED as moot. Defendant Steyh is DISMISSED from this action.

DATED this 1st day of November, 2019.

Dana L. Christensen, Chief Judge
United States District Court