IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>THOMAS WILSON, LEROY KIRKEGARD, BEAU BALTEZAR, DANEL SAGOVIA, MIKE BATISTA, TOM WOOD, MITCHELL CALES, JASON GRIMMIS, PAUL REES, and AMBER EDWARDS,<br><br>                Defendants. | CV 17–119–H–DLC–JTJ<br><br><br>ORDER |

On September 23, 2020, United States Magistrate Judge John Johnston entered an Order and Findings and Recommendations recommending that the Court grant summary judgment against Plaintiff Jacob Smith in his 42 U.S.C. § 1983 civil rights case. (Doc. 186.) Judge Johnston also ruled on various pretrial motions. (*Id.*) Smith timely objects (Doc. 187) and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United*

*States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Clear error also applies to the Magistrate's rulings. 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

In his objections, Smith challenges: (1) the Magistrate's ruling on his motion for sanctions and asserts that there are factual disputes that preclude granting summary judgment to Defendant Grimmis (objection #2); (2) his determination that Smith did not exhaust his claims against the Montana State Prison ("MSP") Defendants (objection #3); (3) his decision to issue his Order and Findings and Recommendations without first holding a hearing (objection #4); and (4) his determination that any appeal would not be taken in good faith (objection #1). (Doc. 187.) The Court will address each of Smith's arguments in this order, reviewing the first two de novo and the second two for clear error.

## I. Defendant Grimmis' Motion for Summary Judgment

In his Second Amended Complaint, Smith asserts that Captain Grimmis initiated Smith's transfer from Lewis and Clark County Detention Facility ("LCCDF") facility to the Montana State Prison because of Smith's prolific grievance filing. Judge Johnston recommended the Court grant summary judgment to Defendant Grimmis on this claim after finding that it was undisputed that Smith's grievance filing and litigation activities made it difficult for LCCDF staff to manage him, and so the decision to transfer Smith—regardless of whether it was

motivated in part by Smith's protected activities—was supported by legitimate penological interests. (Doc. 186 at 12–21.)

Smith objects to Judge Johnston's citation of a Sixth Circuit case as persuasive and argues that it was not reasonable to conclude that his 39 grievances over 386 days (amounting to roughly 1 grievance every 10 days) created an unmanageable workload for the LCCDF employees and therefore motivated his transfer. (Doc. 187 at 4.)

Smith's objections lack merit. First, it is unclear why Smith now asserts he filed only 39 grievances when he failed to dispute Grimmis' accounting of his grievance activities during summary judgment briefing. (*See* Doc. 101-1 at 1.) Grimmis reports that during Smith's time at LCCDF, he filed "118 Inmate Requests, 70 Inmate Grievances, 12 Medical Requests and 11 Medical Grievances." (*Id.*) Moreover, as each grievance requires follow up, it is undisputed that Smith's complaints "require[d] an enormous amount of time to look into and answer." (*Id.*) Additionally, because of Smith's numerous civil lawsuits, the staff was frequently making copies and "running" around on Smith's behalf. (*Id.*) Collectively, these activities placed a burden on LCCDF's limited resources—a burden which made Smith a better fit for MSP, where there is more staff to handle problematic inmates. (Doc. 186 at 19.) As Judge Johnston observed, "[t]he ability to transfer a prisoner who is interfering with prison

administration and staff morale goes to the essence of prison management." *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Judge Johnston was correct in determining that for the above-mentioned reasons, granting summary judgment to Grimmis is appropriate and there was nothing improper in the Magistrate's reliance on an out-of-circuit case.[1]

## II.  MSP Defendants' Motion for Summary Judgment

Judge Johnston determined that Smith's claims against MSP Defendants were not exhausted and recommended the Court grant summary judgment in their favor. (Doc. 186 at 29.) Exhaustion is an affirmative defense, and as such, the defendant bears the burden of showing a prisoner's claim is not exhausted. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (citing *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc)). Once the defendant meets this burden, the burden shifts to the prisoner "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

---

[1] Smith also objects to Judge Johnston's decision to deny his motion for sanctions. Although Judge Johnston characterized Grimmis' late disclosure of a relevant document as "disturbing," he determined no sanction was necessary because Smith had not suffered any prejudice. (Doc. 186 at 33–36.) The decision to sanction a party for bad litigation behavior is one that falls within a court's discretion. *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir. 1998). Judge Johnston did not clearly err in exercising his discretion when he determined that Smith was not prejudiced by any late disclosure.

When a prisoner claims that a threat of retaliation made the usual exhaustion procedures unavailable, the prisoner must show that he: (1) subjectively "believed prison officials would retaliate against him if he filed a grievance;" and (2) that this belief was "objectively reasonable." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015).  Judge Johnston determined that MSP Defendants had met their initial burden, and Smith did not met either the subjective or objective prongs of the *McBride* test.  (Doc. 186 at 22–23.)

Smith challenges both of those findings, but the Court need only address one to conclude that Judge Johnston's determination was correct.  Regardless of what Smith subjectively believed, it is not objectively reasonable that two discouraging comments from MSP staff constituted threats of retaliation of "sufficient severity" that an experienced veteran inmate was prevented from exercising his right to file greivances.  *Id.*

There are two incidents that Smith claims constitute "threats of retaliation." The first is a statement made by Defendant Baltezar.  When Smith initially arrived at MSP, he was placed in a locked housing unit.  When Smith asked Defendant Baltezar how long he would remain there, he testified that Baltezar told him in a "slightly compassionate" manner to "just be good, if you start filing grievances you'll never get out of here."  Then, after leaving the locked housing unit, Smith was placed in the diagnostic intake unit.  There, he encountered Defendant Steyh,

who, in response to his query about how to grieve his assault, told him to "leave it alone." (Doc. 186 at 25–26.)

Contrary to Smith's assertions, neither comment rises to the level of a threat because Baltezar spoke in a "slightly compassionate" or gentle manner and Steyh never indicated that Smith would suffer any consequence if he grieved the assault. Nor are any such consequences clearly implied from her comment. As such, neither statement would cause a prisoner "of ordinary firmness" to reasonably believe that he would suffer adverse consequences for exercising his rights. *Id.* at 988.

The Court is similarly persuaded by Judge Johnston's conclusion that Smith was not subjectively deterred from filing a grievance because after receiving the alleged threats, he immediately filed informal complaints on related subject matter. (Doc. 186 at 25–26.) Having reviewed de novo, the Court agrees with Judge Johnston that Smith has not met his burden to show that any threat of retaliation made the usual exhaustion procedure unavailable to him, and as such, his claims are not exhausted. For this reason, MSP Defendants are entitled to summary judgment.

### III. The Failure to Hold a Hearing

Smith argues Judge Johnston erred in failing to hold a hearing before issuing his Order and Findings and Recommendations. (Doc. 187 at 11.) The decision to

hold a hearing falls squarely within the discretion of the Court. *Seidel v. Merkle*, 146 F.3d 750, 754 (9th Cir. 1998); *Jacobs v. Lanterman Developmental Ctr.*, 64 F. App'x 98, 100 (9th Cir. 2003) (unpublished). Judge Johnston did not clearly err in deciding a hearing was not necessary.

## IV.   Judge Johnston's Recommendation under Appellate Rule 24(a)(3)(A)

Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), Judge Johnston recommended this Court conclude that any appeal would not be taken in good faith. (Doc. 186 at 37.) If the Court agrees, the effect of this conclusion is that Smith loses his authorization to proceed on appeal in forma pauperis without seeking further approval from the Ninth Circuit. Fed. R. App. P. 24. Because the Court has agreed with each of Judge Johnston's determinations thus far, it also agrees with his decision that any appeal would not be taken in good faith. There is no clear error here.[2]

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 186) is ADOPTED in full.

1. Defendant Grimmis' Motion for Summary Judgment (Doc. 84) is GRANTED.

2. Smith's Motion for Summary Judgment (Doc. 100) is DENIED.

3. The MSP Defendants' Motion for Summary Judgment (Doc. 120) is GRANTED.

---

[2] Nor is there clear error in any other aspect of the Order and Findings and Recommendations.

4. Defendants Baltezar and Cales' Motion for Summary Judgment on Excessive Force Claims (Doc. 124) are DENIED AS MOOT.

5. Defendants Rees, Edwards, and Batista's Motion for Summary Judgment on Deliberate Indifference Claims (Doc. 128) is DENIED AS MOOT.

6. Defendants Wilson, Segovia, Batista, Kirkegard, and Wood's Motion for Summary Judgment on Supervisory Liability Claims (Doc. 132) is DENIED AS MOOT.

7. Smith's Opposed Motion for Leave to Amend Second Amended Complaint (Doc. 177) is DENIED.

8. The Clerk is directed to enter judgment in favor of Defendants and close this matter.

9. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 5th day of November, 2020.

_____
Dana L. Christensen, District Judge
United States District Court